UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-15-GWU

ESTHER ROBBINS STRINGER,                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

**INTRODUCTION**

Esther Stringer brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the Court on cross-motions for

summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
If yes, the claimant is not disabled.  If no, proceed to Step 2.
See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
impairment(s) significantly limiting the claimant's physical or
mental ability to do basic work activities?  If yes, proceed to

07-15  Stringer

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20  C.F.R.  Section  404.1529  (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Stringer, a 46 year-old former cashier, fast food worker and security guard with a "limited" education, suffered from impairments related to discogenic and degenerative disorders of the back, the residuals of a remote ankle fracture, hypertension, depression, and anxiety. (Tr. 24, 30).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 27, 30).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not considered totally disabled.  (Tr. 30-31).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 31).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security Benefits.  Therefore, the Court must grant the plaintiff's summary judgment motion,

in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb stairs or ramps, stoop, bend, crouch, and crawl; (3) a need to avoid concentrated exposure to vibration; and (4) a limitation to no more than simple, one-two step instructions in object-focused work settings.   (Tr. 633-634). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 634).  The ALJ relied upon this testimony to support his denial decision.

The hypothetical question did not fairly characterize Stringer's physical condition.  Dr. Christopher Wright examined the plaintiff and opined that she would be "mildly capable" of performing such activities as ambulating, standing, bending, stooping, and lifting heavy objects.  (Tr. 339-340).  While this opinion is somewhat vague, it clearly suggests significant impairment in these areas.  Dr. Wright's opinion was not contradicted in the record by those of another treating or examining source including the staff at Lake Cumberland Regional Hospital (Tr. 346-391), the staff at Lifescan Imaging (Tr. 392-396), Dr. Andrew Kovacs (Tr. 397-399), Dr. Robert Drake (Tr. 400-404), and the staff at Johns Hopkins Bayview Medical Center (Tr. 505-549, 561-574).  The physical limitations of the ALJ's hypothetical question would appear

to have been essentially compatible with the doctor's restrictions with regard to bending, stooping, and lifting heavy objects. However, the ALJ included absolutely no restriction with regard to standing and ambulating. The restrictions concerning standing and ambulating appear to have been based on the physician's finding that the claimant had no range of movement in her right ankle and was ambulating with a limp. (Tr. 339). Thus, this opinion does not support the administrative decision.

Dr. Jorge Baez-Garcia, a non-examining medical reviewer, indicated that Stringer would be limited to performing a restricted range of medium level work. (Tr. 435-443). The restrictions Dr. Baez-Garcia indicated with regard to climbing, kneeling, crawling and exposure to vibrations were presented in the hypothetical question. However, the doctor also indicated that the plaintiff would not be able to stand or walk for more than two hours in an eight hour time period. (Tr. 436). This restriction was noted to be based on the plaintiff's ankle problems. (Id.). Therefore, this opinion also does not support the administrative decision.

Dr. David Swan, another non-examining medical reviewer, was the only other physician to express an opinion with regard to Stringer's work limitations. Dr. Swan restricted the plaintiff to a limited range of light level work. (Tr. 463-471). Dr. Swan allowed standing and walking for six hours out of an eight-hour time period. (Tr. 464). However, Dr. Swan, who saw the record at a later date than did Dr. Baez-Garcia, also indicated that he was deferring to the earlier report with regard to the impact of the claimant's ankle problems. (Id.). Thus, the doctor's notation on this

9

point might have been in error.  The Court notes that Dr. Swan's opinion on this point would still be contrary to that of Dr. Wright, the actual examining source.  Dr. Swan would need to articulate reasons why his opinion differed from that of the examiner in order for it to offset that of Dr. Wright.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, the reviewer did not address this question.  Furthermore, the reviewer also stated that the plaintiff would be restricted to balancing on an occasional basis.  (Tr. 465).  This limitation was not included in the hypothetical question.  Social Security Ruling 85-15 states that unless a restriction concerning balancing is a claimant's only restriction, it needs to be considered by a vocational expert.  Therefore, this opinion also does not support the administrative decision.

Stringer was limited to light level work.  Social Security Ruling 83-10 indicates that standing and walking are extremely important in unskilled light level work with few such jobs performed in the seated position.  Thus, this was a very significant limitation which should have been presented to the vocational expert.  Therefore, the Court finds that the omission of a restriction in this area was reversible error.

The defendant argues that Dr. Wright's limitations with regard to standing, walking, stooping, and bending were not binding on the ALJ because he was not a treating source.  However, the doctor was the only examining source to express an opinion on these issues and his opinion was compatible at least with that of Dr. Baez-Garcia, the medical reviewer.  The defendant also asserts that the physician's

07-15  Stringer

opinion was not binding because his limitations were inconsistent with his physical findings, noting that while Dr. Wright indicated serious restrictions with regard to bending and stooping, the physical examination revealed that the plaintiff could bend at the waist without difficulty.  Nevertheless, the ALJ included limitations in these areas in the hypothetical question.  Significantly, the defendant does not identify any reasons not to credit the walking and standing limitations which, as previously noted by the undersigned, appeared to be related to the ankle problems which the doctor found in his report.  Therefore, the Court must reject the defendant's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 31st day of October, 2007.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

11